# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ELDER ZACARIAS LOPEZ,

    Petitioner,

vs.

BRIAN E. WILLIAMS, SR., et al.,

    Respondents.

Case No. 2:15-cv-00042-APG-GWF

**ORDER**

    Petitioner has submitted an application to proceed *in forma pauperis* (Dkt. 1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee.

    The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition appears to be untimely, and petitioner will need to show cause why the court should not dismiss this action.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624. The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

1   The court takes judicial notice of the on-line docket of the Eighth Judicial District Court in
2   case number 01C178501.[1]  The court also takes judicial notice of the on-line docket of the Nevada
3   Supreme Court in case numbers 40116,[2] 44802,[3] 54427,[4] 60725,[5] and 66088.[6]
4   Petitioner was convicted of first-degree murder with the use of a deadly weapon.  The
5   original judgment of conviction was entered on July 24, 2002.  His original sentence was life
6   imprisonment with eligibility for parole after 20 years for murder, plus an equal and consecutive
7   term for the use of a deadly weapon.  Petitioner appealed, and the Nevada Supreme Court affirmed
8   on May 11, 2004.  Remittitur issued on June 8, 2004.  Petitioner then field his first state post-
9   conviction habeas corpus petition on November 22, 2004.  The state district court denied the
10  petition.  Petitioner appealed, and the Nevada Supreme Court affirmed on June 17, 2005.  Petitioner
11  filed his second state post-conviction habeas corpus petition on March 25, 2009.  The state district
12  court denied the petition.  Petitioner appealed, and the Nevada Supreme Court affirmed on
13  September 10, 2010.  The Nevada Supreme Court held that the petition was untimely pursuant to
14  Nev. Rev. Stat. § 34.726 and a second or successive petition pursuant to Nev. Rev. Stat. § 34.810.
15  Petitioner filed a federal habeas corpus petition in this court in Lopez v. Neven, Case No.
16  2:05-cv-01156-JCM-PAL; the second state petition described above was pursued while Lopez v.
17  Neven was stayed.  Ultimately, this court found constitutional error in the sentencing proceedings
18  and granted the petition.
19  Back in state district court, petitioner was resentenced to 50 years' imprisonment with
20  eligibility for parole after 20 years for murder, plus an equal and consecutive term for the use of a

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7483698.

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=7967.

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=12653.

[4] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=22329.

[5] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=28891.

[6] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=34285.  All on-line dockets were last visited on June 5, 2015.

deadly weapon. The state district court entered an amended judgment of conviction on March 21, 2012. The state district court then entered a second amended judgment of conviction on April 5, 2012. Petitioner appealed. His sole issue was that Nev. Rev. Stat. § 193.165, which provides for an additional sentence for the use of a deadly weapon, had been amended in the time between the original judgment of conviction and the amended judgments, and that the newer version of the statute should apply to him. The Nevada Supreme Court disagreed with petitioner and affirmed on May 13, 2013. For the purposes of the federal statute of limitation, the judgment became final with the expiration of the time to petition the Supreme Court of the United States for a writ of certiorari on August 12, 2013.

Petitioner filed a state post-conviction habeas corpus petition on March 19, 2014. The state district court denied the petition. The Nevada Supreme Court affirmed on December 11, 2014. The Nevada Supreme Court held that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1), because it was filed more than one year after issuance of the remittitur on direct appeal on June 12, 2004. The Nevada Supreme Court also held that the petition was successive and abusive of the writ pursuant to Nev. Rev. Stat. § 34.810, because petitioner had filed two previous state habeas corpus petitions and did not raise in those petitions grounds that he raised in the new petition. In a footnote, the Nevada Supreme Court noted that the amended judgment of conviction did not provide good cause to excuse these procedural bars because petitioner was not challenging anything that was new in the amended judgment.

Petitioner mailed the current federal habeas corpus petition to this court on January 6, 2015.[7]

The amended judgment of conviction has two effects upon <u>federal</u> habeas corpus procedure. First, the entry of the amended judgment means that the current petition is not a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and petitioner does not need authorization from the court of appeals before commencing this action. <u>Magwood v. Patterson</u>, 561 U.S. 320 (2010). Second, because the amended judgment of conviction was due to a reversal and a

---

[7]The date on the first page says January 6, 2014, but elsewhere in the petition petitioner uses the correct date. Also, petitioner has attached documents to the petition that are dated after January 6, 2014, such as the Nevada Supreme Court's order filed on December 11, 2014.

-4-

1  resentencing, its entry reset the one-year period of limitation of 28 U.S.C. § 2244(d), and the court
2  will calculate the timeliness of this action from the date of finality of the amended judgment, not the
3  original judgment.  See United States v. Colvin, 204 F.3d 1221, 1225 (9th Cir. 2000) (interpreting
4  equivalent statute of limitations for motion attacking federal sentence under 28 U.S.C. § 2255).[8]

5        Even taking into account the effects of the amended judgment, the petition is untimely.  The
6  amended judgment of conviction became final after August 12, 2013.  Petitioner pursued a state
7  habeas corpus petition after the amended judgment became final, but that petition was not eligible
8  to toll the federal statute of limitations because the petition was untimely.  Pace, 544 U.S. at 417.
9  Consequently, 512 days passed between the finality of the amended judgment of conviction and the
10 mailing of the federal habeas corpus petition, and that time exceeds the one-year limit of 28 U.S.C.
11 § 2244(d)(1).

12       IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* (Dkt. 1)
13 is **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

14       IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of
15 habeas corpus pursuant to 28 U.S.C. § 2254.

16       IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of
17 entry of this order to show cause why the court should not dismiss this action as untimely.  Failure
18 to comply with this order will result in the dismissal of this action.

19       IT IS FURTHER ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General
20 for the State of Nevada, as counsel for respondents.

21 ///
22 ///
23 ///
24 ///
25 ///

---

[8] Again, these are rules of federal habeas corpus procedure.  State habeas corpus procedure has different rules.  The federal rules do not affect a state court's determination whether a state habeas corpus petition is untimely or successive.

1   IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a
2 copy of the petition and this order.  Respondents' counsel shall enter a notice of appearance herein
3 within twenty (20) days of entry of this order, but no further response shall be required from
4 respondents until further order of the court.
5   DATED: June 8, 2015.

   _____
   ANDREW P. GORDON
   United States District Judge