# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ELDER ZACARIAS LOPEZ,

      Petitioner,

vs.

BRIAN E. WILLIAMS, SR., et al.,

      Respondents.

Case No. 2:15-cv-00042-APG-GWF

**ORDER**

The court directed petitioner to show cause why this action should not be dismissed as untimely. Order (#4). Petitioner has filed a response (#5). Petitioner does not persuade the court, and the court dismisses this action.

The court needs to correct an error in its earlier order. The court had stated at page 3 of that order that petitioner's original judgment of conviction was entered on July 24, 2012. It actually was entered on June 12, 2004. This error does not affect the court's calculations on timeliness.

The court will repeat the procedural history that is relevant to petitioner's response (#5). Petitioner was convicted of first-degree murder with the use of a deadly weapon. In Lopez v. Neven, Case No. 2:05-cv-01156-JCM-PAL ("Lopez I"), this court determined that the state district court's handling of a jury question during the penalty hearing of petitioner's murder trial made his sentence, but not the finding of guilt itself, constitutionally infirm.[1] The state district court held another penalty hearing, and the jury set the sentence as 50 years' imprisonment with eligibility for

---

[1]Because the trial jury found petitioner guilty of first-degree murder, it determined the sentence for that crime in a subsequent penalty hearing. Nev. Rev. Stat. § 175.552(1)(a).

1   parole starting after 20 years.  Under the version the deadly-weapon statute in effect at the time of

2   the crime, petitioner received an equal and consecutive sentence for the use of a deadly weapon.

3   See Nev. Rev. Stat. § 193.165 (1995).  The state district court entered an amended judgment of

4   conviction on March 21, 2012, and then it entered a second amended judgment of conviction on

5   April 5, 2012.  Petitioner appealed.  His sole issue on appeal concerned the 2007 amendments to

6   Nev. Rev. Stat. § 193.165, which changed the sentence for use of a deadly weapon to a minimum

7   term of not less than 1 year and a maximum term of not more than 20 years.  Petitioner argued that

8   the amended statute should have applied to him because the second amended judgment was entered

9   after the amendments became effective.  The Nevada Supreme Court disagreed, holding that the

10  version of § 193.165 in effect at the time of the offense is the applicable version.  The Nevada

11  Supreme Court issued its order on May 13, 2013.  Remittitur issued on June 7, 2013.[2]

12          Petitioner filed a state post-conviction habeas corpus petition on March 19, 2014.  The state

13  district court denied the petition.  The Nevada Supreme Court affirmed on December 11, 2014.  The

14  Nevada Supreme Court held that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1),

15  because it was filed more than one year after issuance of the remittitur on direct appeal on June 12,

16  2004.  The Nevada Supreme Court also held that the petition was successive and abusive of the writ

17  pursuant to Nev. Rev. Stat. § 34.810, because petitioner had filed two previous state habeas corpus

18  petitions and did not raise in those petitions grounds that he raised in the new petition.  In a

19  footnote, the Nevada Supreme Court noted that the amended judgment of conviction did not

20  provide good cause to excuse these procedural bars because petitioner was not challenging anything

21  that was new in the amended judgment.  The remittitur from that decision issued on January 7,

22  2015, one day after petitioner mailed his habeas corpus petition pursuant to 28 U.S.C. § 2254 to this

23  court.

24

25  _____

26          [2]Petitioner states that the remittitur was issued on June 24, 2013, based upon a file stamp on his copy of the remittitur.  What actually happened was that the Nevada Supreme Court issued the remittitur to the district court on June 7, 2013.  The district court received the remittitur on June 14, 2013, and sent the receipt back to the Nevada Supreme Court.  The Nevada Supreme Court received the receipt on June 19, 2013, and filed it on June 24, 2013.  The date of issuance, not the subsequent dates of receipt and filing, is the relevant date.

27

28

1       When this court determined that the petition appeared to be untimely, it noted the effects of

2   two court decisions.  First, because the state district court entered its second amended judgment of

3   conviction after this court's decision in <u>Lopez I</u>, the current petition is not a second or successive

4   petition under 28 U.S.C. § 2244(b), and thus petitioner did not need to obtain authorization from the

5   court of appeals before proceeding with the petition.  <u>See</u> <u>Magwood v. Patterson</u>, 561 U.S. 320

6   (2010).  Second, because the second amended judgment of conviction was entered as a result of this

7   court's finding in <u>Lopez I</u> of a constitutional infirmity in sentencing and then petitioner being re-

8   sentenced, the court assumed that the one-year statute of limitation of 28 U.S.C. § 2244(d) did not

9   start to run until the second amended judgment of conviction became final.  <u>See</u> <u>United States v.</u>

10  <u>Colvin</u>, 204 F.3d 1221, 1225 (9th Cir. 2000) (interpreting equivalent statute of limitations for

11  motion attacking federal sentence under 28 U.S.C. § 2255).

12      Petitioner argues that the court should apply the rules of <u>Magwood</u>, <u>Wentzell v. Neven</u>, 674

13  F.3d 1124 (9th Cir. 2012), which extended <u>Magwood</u> to a question that <u>Magwood</u> left open, and

14  <u>Colvin</u> to his state habeas corpus proceedings.  The court already rejected that argument in footnote

15  8 of its previous order.  <u>Magwood</u>, <u>Wentzell</u>, and <u>Colvin</u> do not hold that their rulings are matters of

16  constitutional significance that would apply to all court proceedings, federal or state.  <u>Magwood</u>,

17  <u>Wentzell</u>, and <u>Colvin</u> interpret federal statutes, which govern federal habeas corpus petitions filed in

18  federal court.  The State of Nevada has its own statutes that govern its post-conviction review

19  process, and the Nevada Supreme Court is the final word on interpretations of those statutes.

20      Petitioner argues that his state habeas corpus petition filed on March 19, 2014, was filed

21  within one year of the issuance of the remittitur in his direct appeal from the second amended

22  judgment of conviction.  <u>See</u> Nev. Rev. Stat. § 34.726(1).  He also argues that the March 19, 2014,

23  petition was not successive within the meaning of Nev. Rev. Stat. § 34.810 because it was the first

24  petition that he filed after the conclusion of the direct appeal from the second amended judgment of

25  conviction.  However, Nevada's rules regarding the timeliness and successiveness of a petition are

26  different from the federal rules; again, <u>Magwood</u>, <u>Wentzell</u>, and <u>Colvin</u> do not apply to state-court

27  determinations on the timeliness or successiveness of a state habeas corpus petition.  In its order of

28  December 11, 2014, the Nevada Supreme Court held that the amended judgment of conviction was

1   not good cause to excuse the untimeliness of the action because petitioner raised only issues

2   involving the initial conviction or the initial direct appeal.  See Sullivan v. State, 96 P.3d 761, 764

3   (Nev. 2004).[3]  Consequently, the Nevada Supreme Court determined that the petition was untimely.

4   The Nevada Supreme Court's decision is not subject to review by this court.  "When a

5   postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of

6   [28 U.S.C.] § 2244(d)(2)."  Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (quoting Carey v.

7   Saffold, 536 U.S. 214, 226 (2002)).  The state petition filed on March 19, 2014, was not eligible for

8   tolling of the federal one-year period.  Pace, 544 U.S. at 417.

9          Petitioner does not present any other argument for equitable tolling.

10          This court's initial calculations remain unchanged.  The Nevada Supreme Court decided the

11   direct appeal from the second amended judgment of conviction on May 13, 2013.  The second

12   amended judgment of conviction became final on August 12, 2013, with the expiration of the time

13   to petition the Supreme Court of the United States for a writ of certiorari.  The one-year period of

14   § 2244(d)(1) started the next day.  The period expired at the end of August 12, 2014, because the

15   state habeas corpus petition filed on March 19, 2014, was ineligible for tolling.  Petitioner mailed

16   the current petition to this court on January 6, 2015,[4] and it is untimely.

17          Reasonable jurists would not find these conclusions to be debatable or wrong, and the court

18   will not issue a certificate of appealability.

19   ///

20   ///

21   ///

22   ///

23

24          [3]The pages containing the grounds of the current federal petition are photocopies of the
     petition that petitioner filed in state court on March 19, 2014.  Petitioner did this to avoid any
25   problems with exhaustion of those grounds.  All 19 grounds that petitioner raised in state court were
     issues involving the initial conviction or direct appeal.  None of the grounds alleged any error in the
26   second penalty hearing or the direct appeal from the second amended judgment of conviction.

27          [4]The date on the first page says January 6, 2014, but elsewhere in the petition petitioner uses
     the correct date.  Also, petitioner has attached documents to the petition that are dated after January
28   6, 2014, such as the Nevada Supreme Court's order filed on December 11, 2014.

1      IT IS THEREFORE ORDERED that this action is **DISMISSED** with prejudice as untimely.

2  The clerk of the court shall enter judgment accordingly and close this action.

3      IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

4      DATED:   November 20, 2015.

5

6                                                   _____
                                                ANDREW P. GORDON
7                                                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28